WITNESS REJECTED.

---

Whether one may be interrogated, as to the genuineness of his signature?

### GRAY & AL. vs. GENTRY.

SUIT on a promissory note, with a subscribing witness. The petition contained an interrogato-

ry, by which the defendant was required to say, whether the signature, at the foot of the note, was not in his hand-writing.

*Hopkins*, for the defendant. The interrogatory is inadmissible. This mode of probing the defendant's conscience, can only be resorted to, where a fact cannot otherwise be proven.

In *Read* vs. *Bailey*, it was said by LEWIS, *J.* that the reason of the law, in permitting a party to resort to the conscience of his adversary, for a disclosure of facts, is founded in necessity, and is intended to apply only in cases where the evidence sought for, is wholly in the power of the party, called upon to disclose. *Ante* 76.

In *Randle's adrs.* vs. *Judice*, and *Hart & al.* vs. *Bourgeois*—the Court, LEWIS, *J.* alone, ruled that the defendants could not be called upon to answer interrogatories, concerning the genuineness of the notes.

THE party, *who acknowledges he has no proof, or an insufficient one*, may require the oath of his opponent. 1 *Dom. l.* 3, *t.* 6, *sect.* 4.

As it often happens that he, who has to prove a contested fact, has *neither writing, nor witnesses,* nor sufficient presumptions, the confession of it is obtained from the mouth of his adversary. *Id. sect.* 5.

THE third manner of obtaining a party's con-

SPRING 18.. *fession*, is, *where he who cannot have the proof of*
II. District.          *a fact*, which he alledges, refers himself to the oath

GRAY & AL. of his adversary. *Id.*

*vs.*
GENTRY.    OUR statute points out the mode in which a
contested signature to a note, is to be proven. In
case the party disavows his signature, proof of it
may be given by at least one credible witness, de-
claring positively that he knows the signature, as
having seen the obligation signed; or the signa-
ture must be ascertained by two persons having
skill to judge of hand-writing, after having com-
pared it with papers, acknowledged to have been
signed by the party. *Civil Code*, 306, *art.* 226.

IN this case, it clearly appears that the plaintiffs
have proofs within their power—they cannot, there-
fore, call on the defendants to supply them with
evidence. On general principles, therefore, the
interrogatory is improper. Farther, the law has
made a special provision for this case. It appears
there is a subscribing witness, he, therefore, must
be brought forth—if there were none, a report of
experts, or the answer of the defendant, might be
the proper criterion.

*Baldwin*, contra. Our statute has expressly
provided that, " when any plaintiff *shall wish* to
" obtain a discovery, from the defendant on oath,
" such plaintiff may insert, in his petition, perti-
" nent interrogatories." 1805, *ch.* 26, *s.* 7.

IT is not necessary that the plaintiff should *need*, it suffices that he *wishes* such a discovery.

THE statute has but one exception—provided that the interrogatory does not charge the defendant with any crime or offence.

THE *Civil Code*, 316, contains nearly the same provisions. It provides for the case, in which the judge may wholly, or in part, dispense with the answer of the party interrogated, viz. when the interrogatory is impertinent, and has no reference to the issue. *Id. art.* 262. In all other cases, it seems the party must answer.

As the law often gives concurrent remedies, there is no incongruity in allowing concurrent means of proof.

*By the Court.* A party, with an ill grace, complains that his adversary constitutes him a judge in the cause : and a case can hardly be imagined, in which a defendant may suffer by being compelled to acknowledge, disown, or declare that he does not recognise, a paper, apparently subscribed by him.

OUR statute having expressed the cases, in which a party may require his adversary to swear, the Court cannot admit the exception contended for, on the supposition that it exists in France. *Domat* cites no authority, and does not positively re-

SPRING 1811 cognise, though the language he uses impliedly
II. District. admits, it.

GRAY & AL.     IT would not be admitted in any of the courts
*vs.*        of equity in the United States, and it is clear the
GENTRY.      Roman law precluded it: *Ait Prætor : eum a
quo jurisjurandum petetur, solvere aut jurare
cogam : Alterum itaque eligat reus : aut solvat
aut juret : si non jurat, solvere cogendus erit a
prætore. ff. lib. 12, tit. 2, l. 34, s. 6.*

  HOWEVER, as it is advanced by a gentleman of
the bar, that, in two cases, the objection prevailed,
and this is not contradicted, the case must stand
over for further argument, and the opinion of a
full bench.

<div align="right">

CUR. ADV. VULT.